UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Respondent/Plaintiff,<br><br>　v.<br><br>KEITH CARTER,<br><br>　　　　　　　　Movant/Defendant. | Case No. 2:20-cr-00307-KJD-BNW<br>No. 2:23-cv-00582-KJD<br><br>**Order** |

Presently before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#45). The Government did not file a response. For the reasons stated below, Movant's motion is denied.

I.　　Factual and Procedural Background

On December 21, 2021, Keith Carter ("Carter" or "Defendant") pled guilty to two separate counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (#31). He now requests that the Court vacate his sentence under 28 U.S.C. § 2255, asserting that his conviction is invalid.

Carter has a lengthy criminal history, dating back to 2009 at age 15. (PSR, at 9). Over the next 12 years, Carter was convicted of various offenses including Battery, Robbery, Assault with a Deadly Weapon, Carrying a Concealed Weapon, Attempt Ownership or Possession of Firearm by a Prohibited Person, and Discharging Firearm at or Into Occupied Structure, Vehicle, Aircraft, or Watercraft. Id. at 9-12. On his first two felony convictions, in 2011, the state sentenced him to 24-60 months' imprisonment; nevertheless, he was paroled shortly thereafter in 2013. Id. at 10. In 2015, Carter was again sentenced to 12-36 months in prison for a third felony—Attempt Ownership or Possession of Firearm by a Prohibited Person, a violation of Nevada Revised Statute 202.360. Id. at 11.

In December 2021, Carter pleaded guilty, pursuant to a plea agreement with the Government, to unlawful possession of a firearm by a previously convicted felon. (#34). In the plea agreement, Carter admitted that he knowingly possessed the firearm, and that when he did, he had been

previously convicted of a crime punishable by a term of imprisonment exceeding one year. (#34, at 6). On April 12, 2022, this Court sentenced Carter to thirty-three (33) months' imprisonment followed by three (3) years of supervised release. (#43/44). Carter did not appeal, and his conviction became final fourteen days later on April 26, 2022.

On April 17, 2023, Carter filed this motion to vacate, arguing "that he is actually innocent of being a convicted felon in possession of a firearm under 18 U.S.C. § 922(g)(1), because he did not intelligently or voluntarily enter the plea deal or admit, nor did the government prove that he knew he was a felon or knew his status as a prohibited person [sic] from possessing a firearm as required by Rehaif." (#45, at 14). Carter further alleges "[h]e would not have entered the plea of guilty but would have pled not guilty, and moved the court to dismiss the indictment with prejudice for failure to state an offense." Id.

II. Legal Standard

28 U.S.C. § 2255 allows a federal prisoner to seek relief under four grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such a sentence;" (3) "the sentence was in excess of the maximum authorized by law;" and (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Under 18 U.S.C. § 922(g), it is "unlawful for any person" who falls within one of nine enumerated categories to "possess in or affecting commerce any firearm or ammunition." Section 924(a)(2) sets out the penalties applicable to "[w]however knowingly violates" § 922(g). Before June 2019, courts treated the knowledge requirement in § 924(a)(2) as applying only to the defendant's possession of a firearm or ammunition, not to the fact that he fell within the relevant enumerated category. But on June 21, 2019, the Supreme Court issued its decision in Rehaif v. United States, 139 S. Ct. 2191 (2019), holding that a defendant's knowledge "that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)" is an element of a § 922(g) offense. Id. at 2194. This decision applies to all § 922(g) categories, including felons under § 922(g)(1). A felon is one who has been convicted of a crime punishable by more than one year of imprisonment.

In Rehaif, the Supreme Court stated:

> The question here concerns the scope of the word "knowingly." Does it mean that the Government must prove that a defendant knew both that he engaged in the relevant conduct (that he possessed a firearm) and also that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)? We hold that the word "knowingly" applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it.

Id. Rehaif does not stand for the proposition that the government must prove the defendant knew his possession of the firearm was unlawful. Rehaif requires proof of the defendant's felonious status. So, in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the government must prove that (1) the defendant knew he possessed a firearm and that (2) he knew he belonged to the relevant category of persons barred from possessing a firearm. See id. at 2200. To hold otherwise would mean that pure ignorance of the United States Code was a sufficient defense.

### III. Analysis

Carter asserts that in light of Rehaif, his sentence is invalid and must be vacated because his plea was fundamentally defective. (#45, at 14). Specifically, he argues that because he was not made aware of the requisite Rehaif element, he lacked notice of the true nature of the charges against him. Id. 14-15. Thus, he asserts his plea was "unintelligent and involuntarily entered[.]" Id. at 14. Moreover, he argues that the Court did not inform him that "the Government had the burden of proving [sic] Rehaif knowledge element to the jury beyond a reasonable doubt as required by due process." Id. After a thorough review of the record, the Court finds Carter's arguments devoid of any merit.

First, Defendant's plea agreement and indictment included the necessary Rehaif element. (See #34/1). The four elements listed in Defendant's plea agreement are as follows:

First: The defendant knowingly possessed the firearms described in the indictment.

Second: The firearms had been shipped or transported in interstate commerce.

Third: At the time of the charged acts, the defendant had previously been convicted in a court of crimes punishable by imprisonment for a term exceeding one year.

Fourth: At the time of the charged acts, the defendant knew that he had previously been convicted of such offenses.

(#34, at 3-4).[1] Here, element four completely embodies the knowledge-of-status element codified by the Supreme Court in Rehaif. See 139 S. Ct. at 2220 (holding that the Government must prove that the defendant knew he belonged to the relevant category of persons barred from possessing a firearm). Furthermore, Carter's indictment clearly states all elements that the Government is required to prove in its prosecution under 18 U.S.C. §§ 922(g)(1) and 924(a)(2), including the Rehaif element. (See #1). Count 1 of Carter's indictment reads as follows:

> The defendant herein, <u>knowing he had previously been convicted of crimes punishable by imprisonment for a term exceeding one year</u>, to wit: Assault with a Deadly Weapon and Carrying a Concealed Firearm or Other Deadly Weapon, in the Eighth Judicial District, Clark County, Nevada, on or about December 20212, in Case Number C-11-272444-1, and Attempt Ownership or Possession of a Firearm by Prohibited Person, in the Eighth Judicial District, Clark County, Nevada, on or about July 8, 2015, in Case Number C-15304607-2, did knowingly possess a firearm, to wit: a Keltec 9mm pistol, bearing serial number A8457, said possession being in and affecting interstate commerce and said firearm having been shipping and transported in interstate commerce, all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

(#1, at 1) (emphasis added). Second, during his change of plea hearing on December 12, 2021, after being apprised of the exact elements of the crime he is charged with and the Government's burden at trial, Carter acknowledged all four elements. The following is an excerpt from that hearing:

> THE COURT: Okay. No. I'll get to that in a minute. The two charges that you're facing are felon in possession of a firearm. I'm going to list for you the things that the Government would have to prove beyond a reasonable doubt in order to convict you of these two counts. Please listen carefully as I list the elements and decide in your own mind whether you think the government could prove these elements against you beyond a reasonable doubt.
>
> First is that you knowingly possessed the firearms described in the indictment. Second, that the firearms had been shipped or transported into the State of Nevada from another location. Third, that at the time you had possession of these firearms, you had been convicted of an offense or crimes punishable by a term of imprisonment exceeding one year. And fourth, that at the time you possessed the firearms, you knew you had been convicted of crimes punishable by a term of imprisonment exceeding one year.

---

[1] As a side note, the Court finds it important to mention that although Carter included his plea agreement in his motion, for some reason, the page containing the Rehaif element was missing. (See #45, at 17-18).

|   |   |
|---|---|
| 1 | Are you aware that those are the things the Government would have to prove against you beyond a reasonable doubt? |
| 2 | |
| 3 | THE DEFENDANT: Yes, sir, I am. |
| 4 | . . . |
| 5 | THE COURT: Did you read the plea agreement before you signed it? |
| 6 | THE DEFENDANT: Yes, sir. |
| 7 | TE COURT: Did you discuss it with Ms. Diamond before you signed it? |
| 8 | THE DEFENDANT: Yes, sir, I did. |
| 9 | THE COURT: Are you satisfied that everything that is inducing to plead guilty is included in the plea agreement? |
| 10 | |
| 11 | THE DEFENDNAT: Yes, sir. |
| 12 | THE COURT: Thank you. Is anyone threatening you or forcing you to plead guilty? |
| 13 | THE DEFENDANT: No, sir. |
| 14 | |
| 15 | . . . |
| 16 | THE COURT: At the time you possessed the firearms that we've just discussed, the KelTec and the Taurus, had you been convicted of crimes punishable by a term of imprisonment exceeding one year? |
| 17 | |
| 18 | THE DEFENDANT: Yes. sir. |

Throughout the entirety of this matter, from the indictment, plea agreement, and change of plea hearing, Carter has been fully cognizant of the elements constituting the charges against him. And the trial transcript unequivocally establishes that Carter was aware of Rehaif's knowledge-of-status element and entered his plea knowingly and voluntarily. For these reasons, Carter's motion is denied.

IV.     Certificate of Appealability

Finally, the Court must deny a certificate of appealability. To proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b); 9th Cir. R. 22-1; Allen v. Ornoski, 435 F.3d 946, 950-951 (9th Cir. 2006); see also United States v. Mikels, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a

substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. Id.; 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. (quoting Slack, 529 U.S. at 484). To meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. Id. Carter has not met his burden in demonstrating that there was any reasonable probability that he was not made aware of the requisite Rehaif element or that his plea was unknowingly and involuntarily entered.

V.      Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#45) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for Respondent and against Movant in the corresponding civil action, 2:23-cv-00582-KJD, and close that case.

**IT IS FURTHER ORDERED** that Movant is **DENIED** a Certificate of Appealability.

Dated this 15th day of May 2024.

Kent J. Dawson
United States District Judge